IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-232-D

| | | |
|---|---|---|
| VIVIAN CARMEL WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Vivian Carmel Wright ("Wright" or "plaintiff") challenges the final decision of Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying her application for social security benefits. Wright moved for judgment on the pleadings [D.E. 22] and filed a memorandum and exhibits in support [D.E. 23, 24], and the Commissioner moved for judgment on the pleadings [D.E. 25] and filed a memorandum in support [D.E. 26]. On July 17, 2014, the court held oral argument.

On August 27, 2009, Wright applied for benefits and claimed that she became disabled on July 29, 2009. On May 31, 2011, an Administrative Law Judge ("ALJ") held a hearing. On June 27, 2011, the ALJ denied Wright's claim. Transcript of Proceedings ("Tr.") 15–26. Wright timely sought review with the Appeals Council, to no avail. Wright timely sought judicial review. See 42 U.S.C. § 405(g).

In reviewing the Commissioner's denial of benefits, a district court is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See id.; Walls v. Barnhart, 296 F.3d 287, 290

(4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla of evidence but may be somewhat less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012); Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). When reviewing for substantial evidence, the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

In evaluating disability claims, the Commissioner follows a familiar five-step process. The Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to the claimant's past relevant work; and (5) if not, could perform any other work in the national economy. See 20 C.F.R. § 416.920(a)(4). The claimant has the burden of production and proof in steps one through four. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). If the process reaches the fifth step, the Commissioner has the burden of proving that the claimant, despite impairments, can perform a job that exists in significant numbers in the national economy. See id.; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

At step five, the ALJ concluded, based on the testimony of a vocational expert ("VE"), that Wright could work as a surveillance-system monitor, a call-out operator, and a sorter. Tr. 25. Before reaching this conclusion, however, the ALJ failed to properly inquire whether the VE's testimony regarding the job requirements for these three jobs conflicted with the Dictionary of

Occupational Titles ("DOT"). See SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000); cf. Justin v. Massanari, 20 F. App'x 158, 160 (4th Cir. 2001) (per curiam) (unpublished); Brock v. Astrue, No. 7:06-CV-62-D(2), 2007 WL 4287721, at *5 (E.D.N.C. Dec. 5, 2007) (unpublished). Moreover, although Wright did not raise the specific SSR 00-4p argument at the hearing, she did not forfeit it. See, e.g., Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006); Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005). Furthermore, the ALJ's error was not harmless because a facial conflict exists between Wright's residual functional capacity ("RFC") and the three jobs the VE identified. Cf. Dictionary of Occupational Titles ("DOT"), app. C, 1991 WL 688702 (4th ed., rev. 1991); Hulsey v. Astrue, 622 F.3d 917, 923 (8th Cir. 2010). Because the ALJ failed to resolve the conflict between the VE's testimony and the DOT, the Commissioner has not met its burden at step five of the sequential evaluation process. Thus, the court remands this action to the Commissioner to allow the ALJ to hear further testimony from the VE and comply with Social Security Ruling 00-4p. See, e.g., Hackett, 395 F.3d at 1176; English v. Shalala, 10 F.3d 1080, 1084–85 (4th Cir. 1993); Taylor v. Astrue, No. 4:07-CV-160-FL, 2009 WL 50156, at *3 (E.D.N.C. Jan. 7, 2009) (unpublished). In remanding, the court expresses no opinion on the merits.

In sum, as explained in open court and incorporated herein by reference, the court GRANTS Wright's motion for judgment on the pleadings [D.E. 22], DENIES the Commissioner's motion for judgment on the pleadings [D.E. 25], and REMANDS the action to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner shall comply with SSR 00-4p and consider whether Wright has the RFC to work as a surveillance-system monitor, a call-out operator, or a sorter. The Commissioner also may consider, as appropriate, the other issues raised in the parties' briefs.

3

SO ORDERED. This 17 day of July 2014.

                                                JAMES C. DEVER III
                                                Chief United States District Judge